NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**30175**
**30-SEP-2010**
**08:43 AM**

NO. 30175

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JACQUELINE DYER, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CASE NO. 1DTC-09-030900)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley, Ginoza, JJ.)


Defendant-Appellant Jacqueline Dyer (Dyer) was convicted of excessive speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) and (a)(2) (2007).[1] The District Court of the First Circuit (district court)[2] entered its Judgment on October 12, 2009.

---

[1] HRS § 291C-105(a) provides:

**Excessive Speeding.** a) No person shall drive a motor vehicle at a speed exceeding:

(1) The applicable state or county speed limit by thirty miles per hour or more; or

(2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.

[2] The Honorable Christopher P. McKenzie presided.

I.

Dyer was cited by Honolulu Police Department Officer Benjamin Moszkowicz (Officer Moszkowicz) for driving her car at least eighty-five miles per hour in a fifty-five miles per hour zone. Officer Moszkowicz was driving a patrol car that had previously been taken to a vendor for a speedometer calibration test, commonly referred to as a "speed check." At trial, over Dyer's objection, the district court admitted the speed check card for Officer Moszkowicz's patrol car in evidence and allowed Officer Moszkowicz to testify that the speed check card showed that his speedometer was "valid" up to ninety-five miles per hour.

Officer Moszkowicz testified that while driving on the H-1 Freeway, he observed Dyer's vehicle passing other vehicles and pulling away from him. Officer Moszkowicz issued the citation to Dyer after pacing her car for at least three-tenths of a mile. Officer Moszkowicz testified that during this pacing, his speedometer showed that he was traveling at eighty-five miles per hour, and that the distance between his car and Dyer's car increased by two car lengths.

A passenger in Dyer's car testified that Dyer was "going around" seventy-three to seventy-five miles per hour. Dyer testified and admitted that she knew she had been speeding, but denied that she had reached eighty miles per hour.

II.

On appeal, Dyer argues that: 1) the district court erred in admitting the speed check card in evidence; 2) without the speed check card, there was insufficient evidence to support Dyer's conviction for excessive speeding; and 3) this court should not remand the case with instructions to enter judgment on

the non-criminal traffic infraction of regular speeding, in violation of HRS § 291C-102(a)(1) (2007).[3]

We resolve the arguments raised by Dyer on appeal as follows:

1.    Plaintiff-Appellant State of Hawai'i (State) concedes that: a) under State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520 (2010), the district court erred in admitting the speed check card in evidence, because the State failed to lay a sufficient foundation for its admission; and b) without this evidence, there was insufficient evidence to convict Dyer of excessive speeding.  We agree with the State's concession of error.  Based on Fitzwater, we vacate Dyer's excessive speeding conviction.

2.    We reject Dyer's contention that Fitzwater was wrong in remanding the case for entry of judgment for the non-criminal traffic infraction of regular speeding because a non-criminal traffic infraction cannot be a lesser included offense of a criminal offense.  This court is not at liberty to overturn a decision of the Hawai'i Supreme Court.

We conclude that the admissible evidence presented at trial established that Dyer had committed the traffic infraction of regular speeding, in violation of HRS § 291C-102(a)(1), and that the erroneous admission of the speed check card was harmless beyond a reasonable doubt as to the lesser included regular speeding infraction.  Accordingly, we remand the case for entry of a judgment against Dyer for regular speeding, in violation of HRS § 291C-102(a)(1).  See Fitzwater, 122 Hawai'i at 377-78, 227

---

[3] HRS § 291C-102(a)(1) provides:

**Non-compliance with speed limit prohibited.**  (a)  A person violates this section if the person drives:

(1)    A motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105[.]

P.3d at 543-44; <u>State v. Bullard</u>, No. 30317, slip op. (Hawai'i App. September 27, 2010).

III.

We vacate the October 12, 2009, Judgment of the district court, and we remand the case for entry of a judgment that Dyer committed the traffic infraction of regular speeding, in violation of HRS § 291C-102(a)(1).

DATED: Honolulu, Hawai'i, September 30, 2010.

On the briefs:

Jennifer D.K. Ng
Deputy Public Defender
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4